1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN LOPEZ-HERNANDEZ,

        Petitioner,

    v.

DOUG WADDINGTON,

        Respondent.

Case No. C04-5621FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:
July 8th, 2005**

## INTRODUCTION AND SUMMARY CONCLUSION

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and Local Rules MJR 3 and 4.  Having reviewed the petition and response the undersigned recommends this petition be **DISMISSED.**  Some of the issues raised are procedurally barred and the remaining issues are without merit.

## FACTS

Petitioner is in custody pursuant to a 2001 conviction for two counts of delivery of heroin and one count of possession of heroin with intent to deliver.  (Dkt. # 25, Exh. 1).  On March 6th, 2001, the Cowlitz County Superior Court sentenced him to 120 months. (Dkt. # 25, Exh. 1).  The state court of appeals summarized the facts in petitioner's case as follows:

    Juan Lopez-Hernandez was arrested on October 4, 2000, for possessing

REPORT AND RECOMMENDATION - 1

heroin with intent to deliver. He was charged by information with three violations of the Uniform Controlled Substances Act: Counts 1 and 2 for delivery of heroin and Count 3 for possession with intent to deliver heroin (RCW 69.50.40l(a)). The first two charges were based on Lopez-Hernandez's sale of heroin to Detective Patrick Moore in August 2000 at the AM/PM Market in Woodland, Cowlitz County. The third charge was based on Moore's incomplete purchase of heroin at that same location on October 4.

CrR 3.5 HEARING

Before trial, Lopez-Hernandez challenged the admissibility of statements he made to Detective James McCarthy following his arrest, claiming that he was not sufficiently fluent in English to understand his *Miranda* rights. *See* CrR 3.5(b). At the pretrial hearing, McCarthy testified that he advised Lopez-Hernandez of his rights in English but, when asked if he understood, Lopez-Hernandez said "no." Report of Proceedings (RP) (1/30/01) at 11. McCarthy then gave Lopez-Hernandez a *Miranda* card written in both English and Spanish and asked Lopez-Hernandez to read it to him. Afterward, Lopez-Hernandez stated that he understood his rights.

Lopez-Hernandez gave McCarthy a statement, but he refused to allow him to tape record it because he feared retaliation from the other men with whom he was arrested.

The trial court ruled that the testimony showed that Lopez-Hernandez spoke English fluently, had no trouble conversing with the officer, and read Spanish. The court concluded that there was no reason to believe that Lopez-Hernandez did not understand his rights and ruled the statements admissible.

TRIAL

At trial, Moore testified to the events leading to Lopez-Hernandez's arrest; he identified Lopez-Hernandez as a man who also goes by the name "Pablo." Moore testified that on August 4, a confidential informant introduced him to "Pablo" at the parking lot of the AM/PM store in Woodland. "Pablo" sold Moore a bag of black tar heroin for $500 that day and told Moore that he was looking for someone to "move" heroin in Cowlitz County for him. RP (2/28/01) at 41. Moore responded that he could be that person.

On August 22, again at the AM/PM, "Pablo" sold Moore approximately 76 grams of heroin for $2,700. Later, in a telephone conversation, Moore discussed purchasing a larger quantity, but "Pablo" told him his supplier only allowed him to sell 10 ounces at a time. Moore and "Pablo" arranged to meet again at the AM/PM for another buy on October 4. On October 4, the confidential informant placed a telephone call to "Pablo" for Moore. In the conversation that ensued, "Pablo" told Moore that he "had the ten" Moore wanted and would sell it for $8,500. RP (2/28/01) at 63.

Lopez-Hernandez and two other men drove to the AM/PM on October 4, where they were arrested. On the driver's side floorboard of their car, police found 246 grams of heroin in a brown paper bag. In Lopez-Hernandez's pockets police found a cell phone and a pager. Moore testified that he examined these communication devices and discovered that his own number was stored in both.

REPORT AND RECOMMENDATION - 2

1      DEFENSE COUNSEL CALLED AS WITNESS

2           Moore also described another occasion in which he and "Pablo" met in
       downtown Portland and spoke for five to ten minutes. This meeting occurred
3      sometime between the first and second purchases. On cross examination, defense
       counsel questioned Moore about the Portland meeting and asked Moore why he did
4      not mention the meeting in a report and why the defense never learned of the trip.

5           When Moore concluded his testimony, the State called defense counsel as its
       next witness. The defense counsel objected, the judge sent the jury out, and defense
6      counsel moved for a mistrial, arguing that a defendant should not have to invoke
       attorney/client privilege in the presence of the jury. The prosecutor withdrew his
7      request. The trial court denied the mistrial motion because the prosecutor called
       defense counsel on a "tangential issue and the jury is not going to be tainted or
8      prejudiced by it. I think they will simply disregard it." RP (3/1/01) at 4243. The trial
       court stated that it would "instruct the jury to disregard. I'm going to instruct the jury
9      that you're not going to be called as a witness." RP (3/1/01) at 42.

10          The trial court recalled the jury and stated, "Ladies and gentlemen, I have
       determined that [defendant's counsel] is not going to testify, and we are going to
11     proceed." RP (3/1/01) at 44. Defense counsel did not object to the trial court's failure
       to give a limiting instruction at that time.

12
            Trial continued and the State rested. At the close of the State's case in chief,
13     Lopez-Hernandez renewed his motion for mistrial, claiming prejudice because the jury
       was left wondering what defense counsel knew. The judge denied the motion.
14
       (Dkt. # 25, Exh. 3) (footnotes omitted).
15
            Detective McCarthy informed petitioner of his <u>Miranda</u> rights and spoke with him at the jail
16
       prior to Detective Moore speaking with petitioner.  (Dkt. # 25, Exhibit 7, page 82).
17
            The prosecution's attempt to call defense counsel to the stand was to refute the implication
18
       that Detective Moore had hidden or failed to disclose the fact of a meeting between the detective and
19
       the defendant.  The meeting took place in Portland between the two August heroin buys.  (Dkt. # 25,
20
       Exh. 8, p. 1 to 29).  The prosecutor stated that the only question he had for counsel was if he, the
21
       prosecutor, had informed defense counsel of the meeting prior to trial.  (Dkt. # 25, Exh. 8,  p. 29 to
22
       32).
23
                      **PROCEDURAL HISTORY - COURT OF APPEALS**
24
            On direct appeal to the Court of Appeals,  petitioner raised the following grounds for review:
25
       Assignment of Error
26
       1.      The trial court erred in denying the Motion to Dismiss.
27

28     REPORT AND RECOMMENDATION - 3

2.     The appellant received ineffective assistance of counsel due to his failure to object to testimony of Officer Moore as to appellant's statement to him since such testimony was never covered in the CrR3.5 hearing.

3.     There was insufficient evidence to convict appellant of delivery on August 4 and 22, 2000.

Issues Pertaining to Assignments of Error

1.     Was appellant unduly prejudiced by the State's attempt to call defense counsel as a witness and the trial court's instruction to the jury that the court had determined that he would not testify, without instructing the jury to disregard the State calling defense counsel as a witness? (Assignment of Error No. 1).

2.     Was defense counsel deficient for failing to object to the testimony of Officer Moore about statements he said appellant made when such in-custody statements were never covered n the CrR 3.5 hearing that was held? (Assignment of Error No. 2)

3.     Was there a reasonable probability that, but for the deficient performance, the outcome of the trial on Count III would have been different? (Assignment of Error No. 2)

4.     Given the evidence most favorable to the State, could any rational trier of fact have found, beyond a reasonable doubt, that the appellant was the same person who made the deliveries of heroin on August 4 an 22, 2000? (Assignment of Error No. 3)

(Dkt. # 25, Exh. 2, p. 1).

The state court of appeals viewed petitioner's briefing as raising three issues:

1.     That the trial court erred by not telling the jury to disregard the prosecutors attempt to call defense counsel as a witness and its denial of a motion for mistrial.

2.     Ineffective assistance of counsel in not objecting to the testimony of Officer Moore as it related to in custody statements that were not subject to a Washington State Cr. R. 3.5 hearing.

3.     Lack of evidence to show he was the same person who sold heroin to Officer Moore on the first two occasions. (Dkt. # 25, Exh. 3).

The state court of appeals affirmed Mr. Lopez-Hernandez's conviction and sentence. (Dkt. # 25, Exh. 3).

**PROCEDURAL HISTORY - MOTION FOR DISCRETIONARY REVIEW**

Petitioner filed a Motion for Discretionary Review in the state supreme court in which he asserted five assignments of error. (Dkt. #25, Exh. 4). The petitioner also attached to his motion, as an appendix, a partial copy of his brief and the reply he filed in the Court of Appeals, which were

REPORT AND RECOMMENDATION - 4

incorporated by reference.  The petitioner alleged some errors in his Motion for Discretionary

Review which were not presented to the Court of Appeals.

> **1.** **Did the State willfully and purposely commit misconduct. This misconduct violated the appellant's rights to Due Process; Equal Protection of the Law; and to have a Fair Trial, under the Washington State Constitution and the U.S. Constitution.** (Dkt. #25, Exh. 4, p. 2).

Under this  first assignment of error, petitioner argues the prosecutor's attempt to call

defense counsel as a witness is prosecutorial misconduct.  (Dkt. # 25, Exh. 4, p. 6).  This issue was

intertwined with the issue raised in the court of appeals where the petitioner argued that the resulting

prejudice to the defendant required the court to either dismiss the case or grant the defense motion

for a mistrial.  This issue was presented at all levels in the state court appellate system.

> **2.** **Did the trial Judge abuse its discretion. Thereby violating the appellant's rights to Due Process; Equal Protection of the Law, and to have a Fair Trial, under the Washington State Constitution and the U.S. Constitution.** (Dkt. #25, Exh. 4, p. 2).

Under this assignment of error the petitioner raised several issues. He alleged judicial abuse

of discretion based on the judge allowing the following to occur during the trial:

> Prosecutor Misconduct:  Calling defense counsel in front of the jury; the prosecutor to repeated [sic] vouch for the credibility of Officer Moore and McCarthy in Closing arguements [sic]; and allowed Moore to testify to a [sic] alleged confession by the defendant without a 3.5 Hearing or notice to the defense, or any documents on the record.

> The defense and prosecutor to refer to the CI throughout the trial.

> On objections, the judge ruled passively without instruction.

(Dkt. # 25, Exh. 4, p. 11).

The only issue presented to the Court of Appeals was the alleged error of the court's refusal

to dismiss the case or declare a mistrial when the prosecutor attempted to call defense counsel as a

witness.

> **3.** **Was the assigned counsel for the defendant ineffective, violating the appellant's rights to Due Process; Equal Protection of the Law; and to have a Fair Trial under the Washington State Constitution and the U.S. Constitution.** (Dkt. #25, Exh. 4, p. 3)

Under the third ground,  petitioner argues it was ineffective assistance of counsel to not put

REPORT AND RECOMMENDATION - 5

1   on a defense.  (Dkt. # 25, Exh. 4, p. 13).  This issue was not raised at the court of appeals level. He

2   also argues counsel was ineffective for not objecting to the prosecutor vouching for the credibility of

3   witnesses during closing argument and failing to pursue information about the confidential informant.

4   (Dkt. #25, Exh. 4, p. 13 - 14).  Again, these issues was not raised at the court of appeal's level.

5   He does present the argument that counsel was ineffective by failing to request a CrR 3.5 hearing

6   with regard to Detective Moore's testimony, which was also raised before the court of appeals.

7           **4.      Was the evidence sufficient, and were all the elements proved, at trial, to
                     convict the appellant without the other constitutional violations, that did
8                    occurred within the trial.** (Dkt. #25, Exh. 4, p.3).

9

10          Under the fourth issue, petitioner argues the court should strike any evidence which

11   petitioner views as being prosecutorial misconduct or the result of ineffective assistance of counsel.

12   He argues that without this evidence there is insufficient evidence to convict of any crime.  (Dkt. #

13   25, Exh. 4, p.16).  This is not the same issue as the one raised in the state court of appeals.  In the

14   court of appeals petitioner argued the evidence was insufficient to prove he was the person who sold

15   heroin to Detective Moore on two occasions.  (Dkt. # 2).

16          **5.      Did the Court Appeals, Division II, rule correctly upon the appellant's
                     appeal, or was their analysis of the issues flawed, continuing the Due
17                   process violations against the appellant.** (Dkt. #25, Exh. 4, p. 3).

18          Petitioner's fifth ground,  which deals with the state court of appeals handling of his direct

19   appeal, was not an issue he could have raised in that court.

20          The state supreme court **DENIED** review on July 8th, 2003 without comment.  (Dkt. # 25,

21   Exh.  5).

22                          **APPLICATION FOR WRIT OF HABEAS CORPUS**

23          In this court petitioner filed a seven page petition and a twenty three page brief in support.

24   The petition itself does not identify any issue.  Petitioner's issues are identified only by a careful

25   reading of his brief in support of the petition.

26          The first issue is petitioner's contention that the prosecutor's calling defense counsel as a

27   witness in front of the jury was prosecutorial misconduct that denied him due process.  (Dkt. # 6, p.

28   REPORT AND RECOMMENDATION - 6

5).  This issue was raised at all levels of review.

The second issue is that it was an abuse of discretion for the judge not to grant a mistrial or to dismiss the case and that the action taken by the court was insufficient to cure the alleged error. (Dkt. # 6, p. 11 and 12).  This issue was raised at all levels of review.

The third issue raised is ineffective assistance of counsel.  Petitioner claims counsel was ineffective for:

1.   Failing to put on a defense.  (Dkt. # 6, p. 12).

2.   Failing to object to prosecutorial misconduct in vouching for the credibility of witnesses.  (Dkt. # 6, p. 12).

3.   Failing to subpoena or call the confidential informant.  (Dkt. # 6, p.13).

4.   Failing to object to the testimony of Officer Moore regarding an in custody discussion in which petitioner admitted to throwing a ten ounce package of heroin to the other side of the car before being arrested on October 4th, 2000.  (Dkt. # 6 pages 13 through 15).

Only the fourth sub issue was presented to the state court of appeals. (Dkt. # 2).

The fourth issue presented is sufficiency of the evidence.   Petitioner argues the evidence was insufficient to convict him of any of the crimes charged.  (Dkt. # 6, p.16).  At the state court of appeals he argued the evidence was insufficient to identify him as the person who sold heroin to Detective Moore on two occasions. (Dkt. # 2).

Petitioner argues that without the evidence he alleges is tainted there is nothing left and he could not have been convicted.  (Dkt. # 6, p. 16).

**STANDARD OF REVIEW**

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).  Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.

REPORT AND RECOMMENDATION - 7

1    §2254(e)(1).

2                              DISCUSSION

3         A.    Exhaustion of State Remedies.

4         In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly

5    presented to the state's highest court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

6    Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Further, the petitioner must raise his claims at every

7    level of state review.  Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992); Baldwin v. Reese, 541

8    U.S. 27 (2004).

9         The claims in this petition have been the subject of considerable change at each level of

10   review.  The respondent claims that only the first claim and part of the fourth claim have been

11   exhausted.  The court disagrees and believes what has been exhausted are the three claims dealt with

12   in the state court of appeals unpublished opinion.  (Dkt. # 25, Exh. 3).  Petitioner failed to give the

13   state appellate court the opportunity to consider any other claims he attempts to raise.  The concept

14   that a claim must be raised at all levels of state review to exhaust it has again been reaffirmed as the

15   standard in this circuit.  Castillo v. McFadden, 399 F. 3d, 993 (9th Cir. 2005).  The court in Castillo

16   stated that certain issues were not raised as federal claims at the Arizona Court of Appeals level and

17   were therefore unexhausted.

18        A federal habeas petitioner must provide the state courts with a fair opportunity to correct

19   alleged violations of prisoners' federal rights.  Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888

20   (1995).  It is not enough that all the facts necessary to support the federal claim were before the state

21   courts or that a somewhat similar state law claim was made.  Id, citing Picard v. Connor, 404 U.S.

22   270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

23        B.    Procedural Bar.

24        Normally, a federal court faced with an unexhausted petition dismisses the petition without

25   prejudice, so that the petitioner has an opportunity to exhaust the claims in state court.  Here,

26   however, petitioner is barred from filing in state court as any attempt to file a collateral challenge to

27   his conviction or sentence will be time barred.  See, RCW 10.73.090.  Petitioners conviction became

28   REPORT AND RECOMMENDATION - 8

1   final at the latest when the Washington State Supreme Court denied review on July 8th, 2003.  (Dkt.

2   # 25, Exh. 5).  Over a year has passed since that date and any collateral challenge would now be

3   untimely.

4       Federal Courts generally honor state procedural bars unless it would result in a "fundamental

5   miscarriage of justice" or petitioner demonstrates cause and prejudice.  <u>Coleman v. Thompson</u>, 501

6   U.S. 722, 750 (1991).  Petitioner here cannot show cause and prejudice.

7       To show cause in federal court petitioner must show that some objective factor external to

8   the defense prevented petitioner from complying with state procedural rules relating to the

9   presentation of his claims. <u>McCleskey v. Zant</u>, 499 U.S. 467, 493-94 (1991).  Petitioner's claims,

10  other then the three claims considered by the state court of appeals, are procedurally barred.

11      C.   <u>On the merits</u>.

12      The court will consider the claims addressed by the state court of appeals.

13      1.   <u>Denial of a mistrial and the court's instruction to the jury regarding defense counsel</u>

14         <u>not testifying</u>.

15      The state court of appeals reviewed the trial court's ruling for abuse of discretion and noted

16  that a ruling denying a mistrial will be overturned only when there is a substantial likelihood the

17  alleged prejudice affected the jury's verdict.  (Dkt. # 25, Exh. 3, p. 5).  The court distinguished the

18  cases cited by petitioner and noted those cases dealt with the situation where an attorney did testify.

19  In <u>United States v. Edwards</u>, 154 F.3d 915 (9th Cir. 1998) it was actually law enforcement officers

20  who testified as to evidence found by the United States Assistant Attorney.  Their testimony directly

21  implicated the prestige of the attorney's public office.  The holding of the case is that the testimony

22  of the officers was tantamount to counsel testifying.

23      The state court of appeals determined the question in this case to be "whether the trial court

24  erred in not granting a mistrial when the court failed to instruct the jury to disregard the State's

25  attempt to call Lopez-Hernandez's counsel to testify about a discovery matter."  (Dkt. # 25, Exh. 3,

26  p. 6).  The court viewed this issue as being an irregularity in trial proceedings and then considered if

27  the alleged irregularity affected the verdict.  The court noted that the issue was not central to the trial

28  REPORT AND RECOMMENDATION - 9

1  but a tangential issue, that no evidence was improperly before the jury, and that the jury was properly

2  instructed that statements of counsel are not evidence.  (Dkt. # 25, Exh. 3,  p. 6 and 7).

3        The court noted that the ultimate question is whether there is a substantial likelihood that

4  alleged prejudice affected the jury's verdict.  The state court of appeals concluded there was no

5  abuse of discretion.  Petitioner has failed to show this conclusion resulted in a decision that was

6  contrary to, or involved an unreasonable application of, clearly established federal law, as determined

7  by the Supreme Court; or resulted in a decision that was based on an unreasonable determination of

8  the facts in light of the evidence presented to the state courts.  Petitioner is not entitled to relief on

9  this issue.

10        2.    <u>Ineffective assistance of counsel</u>.

11        The state court of appeals analyzed this issue using the first prong of the federal standard

12  announced in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  The court determined counsel's

13  performance was not objectively deficient when counsel failed to object to Detective Moore's

14  testimony concerning in custody statements because petitioner had previously been advised of his

15  <u>Miranda</u> rights by Detective McCarthy and the court determined his statements to be made after a

16  knowing waiver of his rights.

17        Any objection would have been futile.  The purpose of a hearing under Washington's criminal

18  rule 3.5 is to determine if the statements were voluntary and if the defendant had been advised of his

19  rights prior to making the statement.  The court determined the statements made to Detective

20  McCarthy were voluntary and made after petitioner was advised of and indicated he understood his

21  rights.  Detective McCarthy spoke with petitioner before Detective Moore.  (Dkt. # 25, Exh. 7, p.

22  82).  Petitioner has failed to show this conclusion resulted in a decision that was contrary to, or

23  involved an unreasonable application of, clearly established federal law, as determined by the

24  Supreme Court; or resulted in a decision that was based on an unreasonable determination of the

25  facts in light of the evidence presented to the state courts.  Petitioner is not entitled to relief on this

26  issue.

27        3.    <u>Sufficiency of the evidence</u>.

28  REPORT AND RECOMMENDATION - 10

1    At the state court of appeals petitioner argued there was insufficient evidence to show he was

2  the same person who sold heroin to Detective Moore on two occasions.  The court noted that the

3  testimony of Detective Moore in and of itself was sufficient to send the question to the jury.

4  However,  there existed other evidence including the incriminating statements made by petitioner to

5  Detective Moore and the fact that Detective Moore's phone number was found on the cell phone and

6  pager taken from petitioner's pocket after his arrest on October 4th, 2000.

7    The state court of appeals noted that a claim of insufficient evidence admits the truth of the

8  evidence in question.  (Dkt. # 25, Exh. 3,  p.10).  Petitioner has failed to show this conclusion

9  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

10  established federal law, as determined by the Supreme Court; or resulted in a decision that was based

11  on an unreasonable determination of the facts in light of the evidence presented to the state courts.

12  Petitioner is not entitled to relief on this issue.

13                              <u>CONCLUSION</u>

14    This petition should be **DISMISSED.**  Some of the issues raised are procedurally barred and

15  the rest are without merit.  A proposed order accompanies this Report and Recommendation.

16    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

17  the parties shall have ten (10) days from service of this Report to file written objections.  *See also*

18  Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

19  appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R.

20  Civ. P. 72(b), the clerk is directed to set the matter for consideration on **July 8th 2005** as noted in the

21  caption.

22

23    DATED this 16th day of June, 2005.

24

25                                        Karen L. Strombom
                                          United States Magistrate Judge

26

27

28  REPORT AND RECOMMENDATION - 11